CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

**CRYSTAL B. TILSON,** )
)
Plaintiff, ) Case No. 1:25CV00030
)
v. ) **OPINION AND ORDER**
)
**FRANK J. BISIGNANO,** ) JUDGE JAMES P. JONES
**COMMISSIONER OF** )
**SOCIAL SECURITY,** )
)
Defendant. )

*Amy Hansen Geddes, OPN LAW, PLC, Roanoke, Virginia, for Plaintiff; Natasha McKay, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.*

In this social security disability case, I accept the report and recommendations of the magistrate judge.

Crystal B. Tilson challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 44-page report on March 18, 2026, in which she recommended that the court affirm the Commissioner's decision denying benefits. On April 1, 2026,

the plaintiff filed written objections to the report. The defendant has not responded to the objections, and the objections are now ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

As the magistrate judge noted in her report,

> Tilson argues that substantial evidence does not support the ALJ's assessment of her physical impairments and residual functional capacity findings. (Plaintiff's Brief In Support Of Reversal Of Defendant's Decision, ("Plaintiff's Brief"), at 13-19.) She also argues the ALJ erred in his evaluation of her subjective symptoms. (Plaintiff's Brief at 20-24.) Lastly, Tilson argues the ALJ erred by finding that her depression was nonsevere. (Plaintiff's Brief at 19-20.)

R. & R. 23–24, Dkt. No. 22. The magistrate judge correctly resolved these arguments in her report and based upon my careful consideration of the plaintiff's objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, Dkt. No. 23, are DENIED;

2. The magistrate judge's Report and Recommendations, Dkt. No. 22, are fully ACCEPTED; and

3. A separate final judgment will be entered herewith.

ENTER: September 21, 2026

/s/ *JAMES P. JONES*
Senior United States District Judge